IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER MICHAEL SAUER,<br><br>Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:21-cr-0199<br><br>Judge Clark Waddoups |

This matter is before the court on Defendant Christopher Michael Sauer's Motion to Modify Sentence. On December 20, 2021, the court sentenced Mr. Sauer to a 30-month term of imprisonment, followed by supervised release for 36-months. Judgment, 2–3 (ECF No. 31). During sentencing, Mr. Sauer contends the court accepted the government's position that Mr. Sauer's federal and state sentences should run concurrently. Mot. to Modify, at 1 (ECF No. 35). He requests that the court amend Mr. Sauer's judgment because it does not effectuate the court's intent to run the sentences concurrently. *Id.* at 2.

Rule 36 of the Federal Rules of Criminal Procedure allows a court "at any time [to] correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." The rule "does not give the court authority to substantively modify a Defendant's sentence." *United States v. Blackwell*, 81 F.3d 945, 949 (10th Cir. 1996) (citations omitted). The court can, however, amend a judgment when the written judgment is

inconsistent with "an unambiguous oral pronouncement" at sentencing.  *United States v. Villano*, 816 F.2d 1448, 1450 (10th Cir. 1987) (en banc).

    During sentencing in this matter, the following colloquy occurred:

> Court:  Let me ask counsel, is this sentence to run *consecutive* to any state sentence?
>
> [United States]:  Judge, we would have no objection to, from the date of imposition, which is today, running forward, that it run *concurrent* with any additional sentence, state sentences that may run, again, going forward.
>
> Court:  All right.  Thank you.

Hearing Tr., at 9 (ECF No. 35-1) (emphasis added).  The court did not state that it was adopting the United States' position, and the colloquy occurred prior to the court's sentencing pronouncement.  When the court proceeded with sentencing, it did not specify that the federal sentence should run concurrent with any state sentence.  After pronouncing the sentence, the court asked counsel if there were "[a]ny additions or clarifications to the judgment as entered by the Court?".  Counsel for the United States responded, "Nothing from the United States, Your Honor.  Thank you." *Id.* at 12.  Defense Counsel responded, "No. Nothing from us." *Id.*  The above does not show a disparity exists between the court's oral sentencing pronouncement compared to the written judgment.  Nor does Mr. Sauer's plea agreement specify the sentencing terms were expected to run concurrently.  Statement in Advance of Plea, at 5 (ECF No. 26) (stating the document "contains all terms of the agreement between me and the United States").

    Under federal statute, "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a).

Because the court did not order the terms to run concurrently at the sentencing hearing or in the written judgment, the court denies Mr. Sauer's Motion to Modify Sentence (ECF No. 35).

DATED this 13th day of October, 2023.

BY THE COURT:

_____
Clark Waddoups
United States District Judge